UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT BECK,<br><br>     Plaintiff,<br>  v.<br><br>BATTELLE ENERGY ALLIANCE, LLC, a Delaware corporation doing business in Idaho,<br><br>     Defendant. | Case No. 4:12-cv-00086-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Motion to Dismiss Amended Complaint (Dkt. 17) by Defendant Battelle Energy Alliance, LLC (Dkt. 384). The motion is fully briefed and at issue, and the Court has determined that oral argument would not significantly assist the decisional process. Accordingly, the Court will resolve the motion without a hearing. Having thoroughly considered the pleadings, the Court will deny the Motion, as more fully expressed below.

## BACKGROUND

Plaintiff Scott Beck was employed by Defendant Battelle Energy Alliance as a nuclear engineer, from April 1993 until his termination on June 11, 2009. *Am. Compl.*, Dkt. 11 ¶¶ 9, 16. Beck initiated an alternative dispute resolution (ADR) process to dispute his termination, as required by Battelle's employee handbook. *Id.* ¶ 24. Specifically, Battelle's employee handbook provides:

> Employees must use the ADR program through Step 2 (Mediation) as the

> exclusive method for resolving work-related disputes before resorting to litigation, including the filing of administrative complaints with enforcement agencies. If a dispute has not been resolved through Steps 1 or 2, the employee has the choice of pursuing Step 3 (Peer Review Panel) or other avenues, including formal litigation.

Employee Handbook, Ex. B to Counsel Aff. (Dkt. 12-1 ¶ 5), Dkt. 12-3. The required mediation was conducted on November 2, 2009, and efforts to resolve the dispute continued after that date for several weeks. *Am. Compl., Dkt. 11* ¶ 25. After completing the ADR process, Beck filed a complaint with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission (EEOC) on May 28, 2010. *Id.* ¶ 26. Beck received a Right to Sue letter from the IHRC on November 30, 2011. *Id.* ¶ 27.

On February 24, 2012, Beck filed this lawsuit against Battelle, asserting two counts of discrimination under Title VII, a violation of Idaho Code § 67-5901, and a breach of the implied covenant of good faith and fair dealing. Battelle now moves to dismiss the federal claims for failure to state a claim on which relief can be granted. *Mots. to Dismiss*, Dkts. 5, 17. Battelle also asks the Court to exercise its discretion under 28 U.S.C. § 1367(c)(3) to dismiss Beck's remaining state law claims without prejudice. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept as true, legal conclusions that are couched as factual allegations; Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Providing too much in the complaint may also be fatal to a plaintiff.  Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

# ANALYSIS

Title VII provides that an employee who wishes to bring a civil action for gender discrimination must file a claim with the EEOC no later than 300[1] days after the alleged discrimination occurred.  42 U.S.C. § 2000e-5(e)(1).  Failure to file an EEOC claim within the statutory time limits is not a jurisdictional bar, but is treated as a violation of a statute of limitations, and is therefore subject to whatever defenses are available to a statute of limitations violation – including equitable tolling and estoppel.  *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (overruled on other grounds in *Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001)).  The limitation period "protects employers from the burden of defending claims arising from employment decisions that are long past," while still guaranteeing civil rights protections for those who assert their rights promptly.  *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980).

### A.     Statutory Time Limit

In its motion, Battelle argues that Beck's action is time barred under 42 U.S.C. § 2000e-5(e)(1), because Beck filed his EEOC claim 351 days after his termination date.  Beck argues that the limitation period began to run upon the end of his failed mediation process – sometime after November 2, 2009 – rather than upon the date of his termination.  By Beck's calculation, his suit was filed well within the 300-day time limit.

To determine the timeliness of an EEOC complaint, the court first identifies the "unlawful employment practice."  *Ricks*, 449 U.S. at 257.  Title VII defines unlawful

---

[1] The statutory provision's 300-day limit, rather than the 180-day limit, applies here because Beck pursued a claim before the Idaho Human Rights Commission.  42 U.S.C. § 2000e-5(e)(1).

employment practice as the failure or refusal to hire, or discharge of an employee, or other discrimination with respect to "compensation, terms, conditions, or privileges of employment, because of . . . race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In Beck's amended complaint, he identifies Battelle's adverse employment actions to include "investigation[,] discharge[,] and abusive and harsh treatment," as well as "malicious and oppressive" conduct. *Am. Compl.*, Dkt. 11 ¶¶ 43, 48. While the amended complaint details other allegedly discriminatory conduct, the keystone of Beck's claim is that he was wrongfully terminated on June 11, 2009. *Id.* at ¶ 16. This then marks the date of the "unlawful employment practice." The filing of the EEOC complaint on May 28, 2010 was therefore not timely.

Beck contends that the 300-day limitation period should not be deemed to run until the mediation was completed in November of 2009. However, in *Delaware State College v. Ricks,* the Supreme Court held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Ricks*, 449 U.S. at 261 (other citation omitted). The court there held that the question is not whether a review process could have changed the employment outcome, but whether that outcome was a final – rather than tentative – decision. *Id.* The Court agrees with Battelle that Beck's termination was not tentative, pending Beck's mediation. Rather, it was a final decision subject to change through mediation. Under *Ricks*, Beck's limitation period began the day he was first terminated, and thus ran before he filed his EEOC claim.

### B.     Equitable Tolling

Because the 300-day limitation period is treated as a statute of limitations, parties affected by it may raise defenses such as equitable estoppel and equitable tolling. *Santa Maria*, 202 F.3d at 1176.  In a statute of limitations setting, equitable estoppel, or fraudulent concealment, may apply where an employer has taken "active steps to prevent the plaintiff from suing in time." *Id.* at 1176 (citation omitted).  Nothing in the Amended Complaint suggests grounds for such a claim.

On the other hand, equitable tolling is appropriate where "the danger of prejudice to the defendant is absent, and the interests of justice [require relief]." *Forester v. Chertoff*, 500 F.3d 920, 930 (9th Cir. 2007) (citation omitted).  Moreover, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1993). The Court finds the circumstances of this case justify application of the equitable tolling doctrine.

The burden of showing that equitable tolling should be applied rests with the party seeking its application.  *Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89, 96 (1990).  Beck argues that, for equitable reasons, his EEOC complaint should be deemed timely.  Beck notes that Battelle required employees to engage in its ADR process before pursuing

litigation to challenge its employment actions. *Employee Handbook*,[2] Ex. B to *Counsel Aff.* (Dkt. 12-1 ¶ 5), Dkt. 12-3. Given the mandatory ADR process, where an employee's time pursuing ADR regarding termination exceeded 300 days, he would be time-barred from a Title VII challenge to that termination. Even where, as here, the ADR process is concluded within the 300-day limitation period so that the employee still has time to file his EEOC complaint, the effect of the mandatory ADR process is to limit the timeframe prescribed by Congress for the pursuit of such claims. For example, in this case, the mandatory mediation requirement effectively cut Beck's time for pursuing his claim in half – reducing the statutory limitation period from 300 days to 156 days. For these reasons, the interests of justice are served by excluding Beck's time spent pursuing mandatory ADR, from his limitation period.

In its reply, Battelle asserts that the mandatory ADR process did not apply to Beck because Beck was a former, rather than current, employee when he pursued ADR. *Reply*, Dkt. 21 at 5-6. According to Battelle, the ADR policy, is mandatory for current employees, but is only permissible for former employees. *Id.* at 6. This argument is based, in large part, on the decision of this Court in *Sherick v. Battelle Energy Alliance,* Case 4:07-cv-00307-BLW, Docket No. 15 (D. Idaho, Feb. 5, 2008), finding that a former employee was not bound by Battelle's ADR policy. Because *Sherick* was an unpublished decision, Beck cannot be expected to know of its existence. But more

---

[2] The Court may examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

importantly, Battelle has consistently held out its ADR policy as mandatory and enforceable. Battelle even amended its handbook, after the *Sherick* decision, to unequivocally reflect that the ADR policy applies to former employees. *Reply*, Dkt. 21 at 6. The current policy, effective January 22, 2009, states: "The ADR program also applies to former employees from any date of termination after Feb. 1, 2005." Employee Handbook, Ex. C to Counsel Aff. *(Dkt. 12-4)* pg. 3. If Beck understandably believed the policy was mandatory – as alleged in his complaint – and thus delayed filing his EEOC complaint, then it is immaterial that Battelle believed it was only permissible. Battelle may not rely on a prior unpublished decision to assert claims in contravention of its current policy language.

Finally, Battelle does not argue that it is prejudiced by Beck's delay in filing his EEOC complaint. Beck's complaints with the IHRC and EEOC were filed 351 days after his termination date rather than 300. Battelle offers no explanation why the 51-day delay has resulted in prejudice. Although the Court finds no evidence of ill-intent by Battelle to delay the filing of Beck's EEOC complaint, the Court also finds no evidence that Battelle suffered prejudice from the delay.

Courts have recognized that Title VII's purpose of eliminating discrimination in the workplace warrants liberal construction of its procedural requirements. *Flores v. Merced Irr. Dist.*, 758 F.Supp.2d 986, 993 (E.D.Cal. 2010); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1177 (9th Cir. 1999). Given that purpose, and the absence of prejudice to Battelle from the 51-day delay, the Court finds that the interests of justice

are served by applying equitable tolling here.  For these reasons, the Court will deny Battelle's motion to dismiss for untimeliness.

Because the Court will deny dismissal of Beck's federal claims, it need not address Battelle's motion to dismiss the state claims.

## ORDER

**IT IS ORDERED THAT**:  The Motion to Dismiss Amended Complaint (Dkt. 17) is **DENIED**.

DATED: February 13, 2013

B. Lynn Winmill  
Chief Judge  
United States District Court